27 C.C.P.A. (Patents)

## In re HOFFBERGER.
### Patent Appeal No. 4268.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Sol Shappirio, of Washington, D. C., for appellant.

Howard S. Miller, of Washington, D.C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

One issue of this case, which is an appeal from the decision of the Board of

Appeals of the United States Patent Office, is identical with that in Re, Hoffberger, 109 F.2d 239, decided concurrently herewith.

We have here two appealed claims which read as follows:

"1. A temperature regulator for refrigerators having the usual ice and food compartment, said temperature regulator comprising a continuous metallic plate and metal fins carried by the plate angularly disposed with respect thereto the metal fins being spaced from one another to provide spaces between said fins, so that when the plate is placed in position in a refrigerator between the ice and food compartments, the spaces between the fins open toward the food compartment of the refrigerator, the fins increasing the radiating surface of the plate."

"6. An ice container comprising a portable wire basket, closed along one side thereof by a substantially solid wall but open on another side thereof the open side being formed by a substantially open mesh wall."

Sixteen claims of the application stand allowed. Three of the allowed claims (Nos. 2, 8, and 17) were granted by the board which reversed the examiner's holding as to them. The examiner's rejection of claims 1, 2, 8, and 17 was based on the ground of double patenting in view of the claims in patent No. 1,951,305, granted Hoffberger March 13, 1934, upon an application which for a time was copending with the instant application. The examiner also cited a patent to one Ranney but the board held it not applicable as a reference.

The examiner rejected claim 6 on the ground of lack of invention without the citation of any reference. The board affirmed the rejection and, in connection with its affirmance, cited two references as follows: Sanders, 1,570,009, January 19, 1926; Stultz, 1,487,765, March 25, 1924.

As has been indicated, the board reversed the examiner's holding of double patenting as to claims 2, 8, and 17, but affirmed it as to claim 1.

For convenience of comparison, we here quote the claim of the Hoffberger patent: "A removable and replaceable temperature regulator for refrigerators having the usual ice compartment, said regulator comprising a metallic plate for directly and substantially sealing said ice compartment against the entry of air from the food compartment, said plate carrying metallic fins angularly disposed with respect thereto for increasing the radiating surface of said plate, the metallic fins being exposed toward the food compartment, the metallic plate in size corresponding with the cross section of a floor opening of the ice compartment with which it is to be used, so that when placed in position, the plate seals the ice compartment against entry of air from the food compartment, but said plate may thereby be removed when desired from the ice compartment of the refrigerator in which it is placed."

In the course of its decision the board said:

"The patent discloses two forms of inventions. In Fig. 1 there is disclosed a refrigerator having a removable plate with depending fins resting at its side edges on ledges on the inside wall of the refrigerator. The plate seals the ice compartment from the entry of air from the food compartment.

"In Figs. 4 and 5 there is shown another form of plate which is provided with legs which rest on a partition between the ice compartment and the food compartment. It is also provided with short depending lugs or pipes for cooling the circulated air. The plate is so arranged in the refrigerator that air can circulate between the food compartment and the ice compartment and underneath the plate.

"The claim in the patent is drawn to cover a removable temperature regulator, comprising a metallic plate carrying metallic fins angularly disposed with respect thereto. There is no other structural feature involved in the claim. The claim contains various statements of function which it performs when placed in a refrigerator. These statements seem to indicate that the plate is intended to be used for sealing the ice compartment from the food compartment. However, these statements do not define any particular structure of the plate.

"Claim 1 on appeal covers the same structure as the claim in the patent but does not contain the same functional statements. As far as the structure recited is concerned, claim 1 defines nothing substantially different from the claim in the patent and cannot be allowed in the present case. We think these claims are of the same scope."

Appellant's brief states: "Claim 1 on the appeal is generic to the specific claim of patent 1,951,305, and to the specific claims 2, 8 and 17 allowed in the instant case. So that the question simply is, is

Appellant entitled to a claim generic to cover the several forms of invention disclosed in his two cases on which claims have been indicated to be allowable, the Board reversing the Examiner and holding claims on the specific form of the present case to be patentable, and patentably distinct from the invention disclosed in the companion case? We think it manifestly clear, and the law sustains the position that where an inventor has disclosed in two cases, two separable and patentably distinct forms of invention, he is entitled in a companion copending case to a generic claim to cover his several specific forms of invention. Particularly is he so entitled to it under all of the decisions which we know, under the facts of the present case."

■■ It is thus to be seen that appellant wishes appealed claim 1 to be treated as generic and the patent claim to be treated as specific. The terms "generic" and "specific," as related to patent claims, have well known technical meanings in patent law terminology. However, merely stating that a claim is generic or that it is specific does not render it so. Its character must be determined from the claim itself. In the instant case, appealed claim 1 is for structure. The claim of the patent is for structure. If the structural features of both claims are the same, then both claims are for the same invention, whether they be treated as "generic" or "specific." It is quite clear to us that when the functional statements in the respective claims are disregarded and the structural features alone considered, they are practically identical. Therefore, we are of the opinion that claim 1 was properly rejected upon the ground of double patenting.

■ Appealed claim 6 is for an ice container comprising a portable wire basket having a substantially solid wall on one side and an open mesh wall on another side.

As has been stated, the examiner rejected it as lacking invention but cited no prior art. The board affirmed the examiner's rejection and, in connection with the affirmance, cited prior art.

It is clear to us that whether the basket structure be considered per se or in connection with the references cited by the board no inventive concept is present in it.

Under the views so expressed, there is no necessity of discussing other questions raised by the reasons of appeal and discussed in appellant's brief.

The decision of the board is affirmed.

Affirmed.